**Paul S. DAVIS, Plaintiff,**

v.

**Donald J. DEVINE, Director, Office of Personnel Management, Defendant.**

**No. G81–25 CA.**

United States District Court, W.D. Michigan, S.D.

Jan. 14, 1983.

Paul S. Davis, East Lansing, Mich., for plaintiff.

Robert G. Damus, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is an action challenging the defendant's refusal to certify plaintiff as a candidate for permanent employment as an administrative law judge (ALJ). Plaintiff is an attorney who has served as a temporary ALJ in the past. Defendant is the Director of the Office of Personnel Management, which is responsible for administering the federal retirement system and hiring administrative law judges. Presently before the Court are plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings.

Plaintiff receives a civil service annuity as a result of his prior service with the federal government. The Civil Service Retirement Act provides that an annuitant "is not barred by reason of his retired status from reemployment in an appointive position for which he is qualified," but a reemployed annuitant serves only "at the will of the appointing authority." 5 U.S.C. § 3323(b).[1] The Administrative Procedure Act provides that an ALJ may be removed only for "good cause" established and determined by the Merit Systems Protection Board, after opportunity for hearing before the Board. 5 U.S.C. § 7521.[2] Defendant

---

1. The text of 5 U.S.C. § 3323(b) is as follows:
   Notwithstanding other statutes, an annuitant as defined by section 8331 of this title receiving annuity from the Civil Service Retirement and Disability Fund is not barred by reason of his retired status from employment in an appointive position for which he is qualified. An annuitant so reemployed serves at the will of the appointing authority.

2. The text of 5 U.S.C. § 7521 is as follows:
   (a) An action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.
   (b) The actions covered by this section are—

has interpreted these provisions as barring plaintiff, an annuitant who may serve only at the will of the appointing authority, from serving as an ALJ, who is removable only for good cause.

Thus, plaintiff was not certified as an ALJ candidate because of his status as an annuitant. Plaintiff contends that defendant's interpretation is legally incorrect as a matter of statutory construction, that its policy of applying that interpretation constitutes unlawful age discrimination, and that the failure to uniformly apply such policy demonstrates that the interpretation is incorrect.

## I. STATUTORY CONSTRUCTION

■ First, plaintiff asserts that the provision relating to ALJs in § 7521 overrides the provision concerning reemployment of annuitants in § 3323. Since there are fewer ALJs than civil service annuitants, plaintiff argues that § 7521 is more specific and that under established principles of statutory construction the more specific statute controls over the more general statute. The Court disagrees. In addition to the fact that the group with which we are concerned is civil service annuitants seeking reemployment, rather than civil service annuitants in general, the principle does not apply here because the two statutes deal with different subjects. The ALJ statute is not appropriately described as dealing ."with a part of the same subject in a more detailed way." *See* C. Sands, 2A Statutes and Statutory Construction § 51.05 (4th ed. 1973). The areas affected by the two statutes are capable of partial intersection, but neither area is entirely a subset of the other; it appears that there are relatively large numbers of non-annuitant ALJs and relatively large numbers of annuitants reemployed in positions other than as ALJs.

(1) a removal;
(2) a suspension;
(3) a reduction in grade;
(4) a furlough of 30 days or less;
but do not include—
(A) a suspension or removal under section 7532 of this title;
(B) a reduction-in-force action under section 3502 of this title; or

■ Plaintiff also argues that § 7521 should control because it is part of the Administrative Procedure Act (A.P.A.), which provides that no subsequent statute should be held to supersede or modify its provisions, "except to the extent that it does so expressly." 5 U.S.C. § 559. Since the law contained no provision that an annuitant serve at the will of the appointing authority when the A.P.A. was enacted in 1946, it is argued, § 3323(b) is a subsequent statute which should not be construed to apply to ALJs, who may be removed only for cause after a hearing under § 7521. However, if the two provisions are capable of being harmonized, then the subsequent statute is not in conflict with the earlier one and need not be controlled by it. As the Supreme Court has emphasized, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974).

■ An examination of the statutory language and purposes of §§ 3323(b) and 7521 demonstrates that they are indeed capable of co-existence. In enacting § 3323(b), Congress quite clearly intended that annuitants could be reemployed in positions for which they were qualified, but that they must serve at the will of the appointing authority. Prior law had provided that no annuitant could be reappointed after age 60 unless the appointing authority determined that he had special qualifications, and before that no annuitant could be reemployed at all.[3] Thus, the purpose of § 3323(b) was to increase the opportunities for reemployment subject to the condition that it be on an at-will basis.

(C) any action initiated under section 1206 of this title.

3. *See* Act of January 24, 1942, 56 Stat. 15, S.Rep. No. 2642 on H.R. 7619, [1956] U.S.Code Cong. & Ad.News 3736; Act of May 29, 1930, § 2, 46 Stat. 470.

Under § 7521, an ALJ can suffer an adverse action only for good cause established and determined by the Merit Systems Protection Board after a hearing.[4] The purpose of § 7521 is to give ALJs (formerly "hearing examiners") independence and tenure rights that insulate them from possible agency influence or control. *Ramspeck v. Federal Trial Examiners Conference*, 345 U.S. 128, 131–32, 73 S.Ct. 570, 573, 97 L.Ed. 872 (1953). It follows from the explicit at-will limitation on reemployment of annuitants that annuitants cannot serve in appointive positions which are statutorily protected by a higher standard of good cause for removal.

Plaintiff's attempt to be hired as an ALJ, if successful, would necessarily nullify one or the other of the two statutes. If plaintiff were to be given a normal ALJ appointment, removable only for cause, the provision of § 3323(b) that the annuitant serve only "at the will of the appointing authority" would be violated. If plaintiff were to be appointed to serve at will, then the protections of § 7521 and the independence it strives to assure would be lost.

■ In contrast, defendant's interpretation carries out the Congressional intent of both statutes. It is entitled to deference by the courts, inasmuch as it constitutes the construction of a statute by the agency charged with its administration. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1975). Moreover, in 1980 Congress held hearings related to defendant's interpretation and declined to approve a proposed amendment to § 3323(b) which would exclude annuitants reemployed as ALJs.[5] As the Court of Appeals for the Sixth Circuit said in *Young v. TVA*, 606 F.2d 143, 145 (1979), *cert. denied*, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 776 (1980):

The construction of a statute by those agencies charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress with knowledge of the facts has consistently taken no steps to prohibit or curtail the administrative actions; but has approved them.

In this case Congress "has taken no steps to prohibit or curtail" defendant's administrative actions, despite an opportunity to do so, nor are there "compelling indications" that defendant's construction is wrong.

■ Plaintiff contends that defendant's interpretation violates the merit selection principles of 5 U.S.C. §§ 2301–02. However, those provisions simply restate the general principles of selection and advancement on the basis of merit, rather than for extraneous or discriminatory reasons such as race or sex, and exhort federal personnel managers to act accordingly. Defendant's interpretation of the two statutes in issue means that plaintiff, as an annuitant employable only at will, is not qualified to be reemployed for a position where Congress has by statute declared that the occupant of the position must be removable only for cause. Plaintiff's rejection as not qualified by reason of his annuitant status is not a rejection on the basis of a prohibited "non-merit" factor; it is a determination that he lacks a statutory qualification for the job. To the extent that plaintiff's claim is one of discrimination on the basis of age, 5 U.S.C. § 2302(b)(1)(B) calls for the application of the Age Discrimination in Employment Act of 1967 (A.D.E.A.), 29 U.S.C. § 621 *et seq.*, as amended, which the Court will address next.

The Court finds that defendant's interpretation of 5 U.S.C. §§ 3323(b) and 7521 is consistent with the statutory language and purpose, and should not be overturned on the basis of principles of statutory construction.

---

4. Compare the standard for adverse actions against civil servants generally, which is "such cause as will promote the efficiency of the service." 5 U.S.C. § 7513. The determination is made by the employing agency, with appeal to the Merit Systems Protection Board.

5. *See* Hearings before the Subcommittee on Investigations of the Committee on Post Office and Civil Service, House of Representatives, 96th Cong., 2d Sess. 21–25 (1980); H.Rep. No. 96–1186, 96th Cong., 2d Sess. 4 (1980).

## II. AGE DISCRIMINATION

Plaintiff contends that the application to him of defendant's statutory interpretation results in unlawful age discrimination under the A.D.E.A. Plaintiff argues that since the vast majority of civil service annuitants are over forty years of age,[6] the effect of defendant's policy is discrimination against a protected group—former government employees at or approaching an advanced age. Defendant responds that plaintiff has failed to comply with the jurisdictional prerequisites of a claim under the A.D.E.A.

The A.D.E.A. requires as a prerequisite to a civil action either the filing of a complaint with the Civil Service Commission or the giving of not less than thirty days' notice to the Commission of an intent to file such action. 29 U.S.C. § 633a(d). As the court said in *Hinton v. Solomon,* 475 F.Supp. 105, 108 (D.D.C.1979), "It is clear that the requirements of section 633a(d) are jurisdictional in nature." *See also, Bunch v. United States,* 548 F.2d 336, 340 (9th Cir.1977).

Plaintiff contends that he did comply with the terms of § 633a(d) by virtue of two letters which raised the issue of age discrimination under the Act. In a letter of March 10, 1977 to the Civil Service Commission, plaintiff requested that the Commission give further consideration to its past policy against the appointment of civil service annuitants as ALJs and determine that plaintiff's annuitant status was not a legal barrier to his appointment as an ALJ. He supported his request with many of the legal arguments he raises in this Court, including the argument that § 3323 should be construed in a manner that avoids the alleged age discrimination caused by the Commission's past policy. In a letter of February 7, 1979 to the Acting Director of the Office of Administrative Law Judges of the Office of Personnel Management, plaintiff reiterated his position. Neither letter said a word about any plans to bring a civil action under the A.D.E.A.; they simply sought administrative reconsideration of past policy.

■ It is undisputed that plaintiff did not file an administrative complaint of age discrimination. In such circumstances, the statute clearly and unequivocally requires the filing of notice of intent to sue. Plaintiff's letters cannot be considered sufficient to satisfy this statutory prerequisite. Although with hindsight one might surmise the existence of an inchoate intent to sue at that point, the letters are far from being explicit enough to charge the Commission with knowledge of an intent to bring an action under the A.D.E.A. It is not at all inequitable to require plaintiff, an attorney, to comply with the clear statutory mandate of 29 U.S.C. § 633a(d). The Court finds that plaintiff has failed to comply with the statutory prerequisite for a claim under the A.D.E.A.

■ Plaintiff submits that this Court may properly grant relief for age discrimination under its mandamus jurisdiction, 28 U.S.C. § 1361, and the Civil Service Reform Act, 5 U.S.C. § 2301. However, plaintiff has failed to show that the extraordinary remedy of mandamus is warranted in this case. Moreover, it has repeatedly been held that the A.D.E.A. provides the exclusive remedy for age discrimination in suits by federal employees. *Purtill v. Harris,* 658 F.2d 134 (3d Cir.1981) (affirming dismissal of fifth amendment claim); *see also* cases cited therein.

The Court concludes that plaintiff has failed to present a valid claim of age discrimination under the A.D.E.A.[7]

---

**6.** Former government employees with at least five years of service can become civil service annuitants at age 62; with 20 years of service, at age 60; and with 30 years of service, at age 55. 5 U.S.C. §§ 8336, 8338. It is possible to become an annuitant before age 40, on a disability retirement with 5 years of service, 5 U.S.C. § 8337, but it is relatively rare. According to plaintiff's statistics, even among disabili-

ty annuitants there are less than two percent who are under age 40.

**7.** If it were to reach the merits of plaintiff's claim of age discrimination, the Court notes that even though it may be difficult to conceive of a non-discriminatory purpose to § 3323(b), there would be substantial questions about plaintiff's right to relief. 29 U.S.C. § 623(f)

### III. PAST PRACTICE

Finally, plaintiff argues that the Civil Service Commission's past practice of recognizing exceptions to the policy of refusing to rehire annuitants as ALJs demonstrates that there is no statutory or jurisdictional bar to the reemployment of annuitants as ALJs. The exceptions to which plaintiff refers were made pursuant to a policy adopted at a meeting of the Commission on December 20, 1974. The minutes of that proceeding are, in pertinent part, as follows:

> [R]etirements by ALJ's with undecided cases which cannot be reassigned for a decision without rehearing have an adverse effect on the public interest and the agencies. In view of the foregoing, the Commission will permit the re-employment of annuitant ALJ's in order to conclude undecided cases in the following circumstances:
>
> 1—The request of the agency or department establishing a compelling need for re-employment in the public interest;
> 2—A statement in the request indicating that the case (or cases) cannot be reassigned for a decision without rehearing;
> 3—That the ALJ's retirement was not anticipated when the case(s) was initially assigned.
>
> The Commission will permit the re-employment of the annuitant ALJ for a period not in excess of one year, or the completion of the case(s) on his docket at the time of retirement, whichever is shorter. The re-employed annuitant will work only on cases which were pending before him at the time he retired. Termination by the agency of re-employment for reasons other than the completion of the cases will be subject to the provisions of section 7521 of title 5, United States Code.

It is undisputed that plaintiff does not qualify under these criteria. Rather, plaintiff contends that if defendant's interpretation of § 3323(b) that an annuitant must serve at will is correct, then the Commission could not properly have conditioned its authorizations of reemployment on making termination "subject to the provisions of section 7521." Since the Commission did so condition its authorizations, it is implied, defendant's interpretation of § 3323(b) must be incorrect.

However, the Court is not faced with the question of whether or not the exceptions authorized by the Commission's 1974 Minute were valid under the statute. The issue in this case is whether or not defendant's general interpretation of §§ 3323(b) and 7521 is valid. The exceptions dealt with extraordinary or emergency situations under strictly limited conditions. The Commission's successor agency, the defendant, is not required by such past exceptions in limited circumstances for compelling need to totally abandon its general interpretation of §§ 3323(b) and 7521 and create a wholesale exception for all annuitant applicants for ALJ positions. Nor is the Court required to strike down the defendant's general interpretation on the basis of a past practice of providing such limited exceptions. *See Baker v. United States,* 614 F.2d 263, 267, 212 Ct.Cl. 263 (1980).

For the reasons stated above, the Court concludes that defendant's interpretation of 5 U.S.C. §§ 3323(b) and 7521, barring the reemployment of annuitants as permanent ALJs, should be upheld. Defendant's motion for judgment on the pleadings is therefore granted.

---

specifically exempts retirement plans from A.D.E.A. claims, with certain limitations. In *Brennan v. Taft Broadcasting Co.,* 500 F.2d 212 (5th Cir.1974), it was held that this subsection exempted a private employer from having to rehire a retired employee, under a provision similar to 5 U.S.C. § 3323(b). It has been held that Congress intended the principles of § 623(f) to be applicable to the federal government. *Mason v. Lister,* 562 F.2d 343 (5th Cir. 1977).