73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Samuel F. VESSER, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3172.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1995.
 
 Before ARCHER, Chief Judge, RICH, and LOURIE, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Samuel F. Vesser, Jr. petitions for review of the November 21, 1994 decision of the Merit Systems Protection Board, as modified by its August 8, 1995 final decision, Docket No. AT-300A-91-0448-R-2, denying his request for back pay for the period of time he sought an appointment as an Administrative Law Judge (ALJ). We affirm.
 
 DISCUSSION
 
 2
 A. Mr. Vesser was selected as an ALJ for the Social Security Administration effective June 4, 1995. When he first sought this appointment in 1991 the Office of Personnel Management (OPM) removed his name from the list of eligible ALJ candidates on the ground that, as a retired federal employee receiving an annuity, he was barred by statute from serving as an ALJ. The board affirmed this action by the agency but on appeal to this court we reversed. Vesser v. Office of Personnel Management, 29 F.3d 600 (Fed.Cir.1994). We held that an annuitant was not statutorily barred from being employed as an ALJ if he waived his annuity. Id. at 606. Upon the request of Mr. Vesser, the board then reopened his case in order to provide relief in accordance with that decision.
 
 
 3
 Mr. Vesser sought an appointment as an ALJ retroactive to 1991, and back pay under the Back Pay Act, 5 U.S.C. Sec. 5596. The board determined that it did not have authority to order the agency to hire Mr. Vesser or award back pay. The board, instead, ordered the agency to restore Mr. Vesser to the list of eligible ALJ candidates and to give him priority consideration for any future vacancies. Vesser v. Office of Personnel Management, 65 M.S.P.R. 282 (1984). Mr. Vesser then appealed the retroactive appointment and back pay issues to this court. That appeal was temporarily stayed to allow the board to clarify its decision. The board issued a final decision on August 8, 1995, and the matter is now properly before the court.
 
 
 4
 B. This court must affirm the board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 During the pendency of this appeal, Mr. Vesser received an appointment as an ALJ. Thus, the only issue remaining before us is whether Mr. Vesser is entitled to back pay for the period of time he sought an appointment as an ALJ. Mr. Vesser contends that he would have been appointed as an ALJ in 1991 but for OPM's erroneous removal of his name from the list of eligible candidates. On this basis he asserts entitlement to back pay starting in 1991.
 
 
 6
 Under well established precedent a federal employee is not entitled to the benefits of a position until he has been duly appointed to it. United States v. Testan, 424 U.S. 392, 402 (1976); see also Smith v. United States, 823 F.2d 532, 534-35 (Fed.Cir.1995). Indeed, in Smith we clearly stated that an employee cannot receive back pay under the Back Pay Act for a position to which that employee has not yet been appointed. In this case, it is undisputed that Mr. Vesser was not selected as an ALJ until 1995. Thus, he is not entitled to pay before that time.
 
 
 7
 Mr. Vesser argues that regulations issued under the Back Pay Act, 5 C.F.R. Sec. 550.803 (1994), for example, allow a former employee who suffers an adverse personnel action to recover back pay. Because he was a retired, former employee at the time the adverse personnel action occurred, Mr. Vesser says he qualifies for back pay. However, it is axiomatic that a regulation cannot expand the scope of the statute under which it is promulgated. See, e.g., Lykes Bros. Steamship Co., Inc. v. United States, 513 F.2d 1342, 1350 (Ct.Cl.1975). And, in any event, Mr. Vesser cannot be considered a former employee for purposes of these regulations because his status as a retired, former employee did not result from an adverse agency action. By his own admission, Mr. Vesser voluntarily retired before seeking reemployment.