# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONALD L. WENCEWICZ,
                Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
                Agency.

DOCKET NUMBER
DE-3443-13-1949-I-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald L. Wencewicz, Albuquerque, New Mexico, pro se.

Rebecca Holmes, Esquire, Fort Worth, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In 1981, the agency separated the appellant from his employment as an Air Traffic Controller (ATC) due to his participation in the Professional Air Traffic Controllers Organization (PATCO) strike.  Initial Appeal File (IAF), Tab 1 at 5. Thereafter, he worked at the Department of Agriculture, from which he retired in 2007.  IAF, Tab 16 at 1.  He began receiving retirement benefits from the Office of Personnel Management in or around 2007.  *Id.*

¶3        Effective June 3, 2012, the agency rehired the appellant as an Air Traffic Control Specialist and enrolled him in a pass/fail initial training program for new hires.  IAF, Tab 11 at 41-42, Tab 12 at 23-24.  On December 14, 2012, however, the agency terminated the appellant for failure to successfully complete the program.  IAF, Tab 1 at 5, Tab 11 at 42.  The appellant filed an appeal of his removal with the Board, arguing that, as a "reinstated PATCO Controller," he should not have been placed in the initial training program nor graded on a pass/fail basis.  IAF, Tab 5 at 1.  The agency moved to dismiss on the grounds that the appellant was a rehired annuitant with no Board appeal rights, and, in

addition, that the appeal was untimely filed.[2]  IAF, Tab 8 at 4.  The administrative judge advised the appellant of his burden to establish Board jurisdiction and ordered him to show cause why the appeal should not be dismissed.  IAF, Tab 16.  The appellant responded that the Board had jurisdiction over his appeal because he was a "reinstated employee."  IAF, Tab 17 at 3.

¶4        On December 31, 2013, without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that:  (1) the appellant was a reemployed annuitant because he was receiving annuity payments at the time of his second termination; and (2) as a reemployed annuitant, he was an at-will employee with no Board appeal rights.  IAF, Tab 22, Initial Decision (ID).  The administrative judge referenced the appellant's arguments that he was a "reinstated employee" holding a permanent appointment, that he had been subjected to age discrimination, that other reemployed ATCs were not terminated when they did not pass training, and that there was a recent arbitration decision holding that former PATCO controllers were not required to take initial training on a pass/fail basis.  ID at 5.  However, because the Board lacks jurisdiction over the appeal, the administrative judge concluded that these arguments were immaterial to the jurisdictional issue.  ID at 5.

---

[2] Initially, the appellant challenged his removal through both an equal employment opportunity (EEO) complaint and an appeal to the Board.  The Board appeal was dismissed to permit the appellant to pursue the discrimination complaint process.  *See Wencewicz v. Department of Transportation*, MSPB Docket No. DE-3443-13-0154-I-1, Initial Decision (Jan. 25, 2013).  The EEO complaint was subsequently dismissed because the appellant had already filed with the Board.  IAF, Tab 11 at 27-29.  The appellant appealed the dismissal to the Equal Employment Opportunity Commission, Office of Federal Operations, which affirmed the decision.  *Id.*  Thereafter, the appellant filed the appeal now on review.  The administrative judge noted that there may be a timeliness issue based on the appellant's prior withdrawal of his appeal but deferred ruling on it pending a determination on the threshold jurisdictional issue.  IAF, Tab 16.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On February 3, 2014, the appellant filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  He argues that the administrative judge failed to consider the portion of the arbitration decision finding that rehired former PATCO controllers, such as himself, are covered by the collective bargaining agreement (CBA) between the National Air Traffic Controllers Association and the agency even while at the training academy.  *Id.* at 3.  The appellant states that the Board has jurisdiction to hear "this category" of appeal since he was covered by the CBA.  *Id.* at 3-4.  The agency opposes the appellant's petition for review, arguing that:  (1) the appellant was a rehired annuitant with no right to appeal an adverse action to the Board; and (2) the cited arbitration decision does not change or expand the Board's jurisdiction.  PFR File, Tab 3.  On review, we discern no reason to disturb the initial decision.

¶6    An individual receiving an annuity may become reemployed in an appointive position for which he is qualified; however, an annuitant so reemployed serves at the will of the appointing authority unless he ceases collecting an annuity upon reemployment.  5 U.S.C. § 3323(b)(1); *see Vesser v. Office of Personnel Management*, 29 F.3d 600, 605 (Fed. Cir. 1994); *see also* 5 U.S.C. § 7511(b)(4) (the Board lacks jurisdiction over removals of any employee "who is receiving an annuity from the Civil Service Retirement and Disability Fund . . . based on the service of such employee").  Consequently, such a reemployed annuitant generally has no right to appeal his separation to the Board.  *Bovay v. Small Business Administration*, 100 M.S.P.R. 175, ¶ 7 (2005).  The appellant's appointment Standard Form (SF) 50 reflects that he was classified as a reemployed Civil Service Retirement System annuitant and that his annual salary was reduced by the amount of his retirement annuity.  IAF, Tab 12 at 23.  The appellant does not challenge the SF-50's characterization of his employment, nor does he dispute he was receiving a retirement annuity at the time he was terminated from the agency in 2012.  *See* PFR File, Tab 1.  Our reviewing court

has emphasized that actual receipt of an annuity is significant with regard to the at-will status of a reemployed individual. *Vesser*, 29 F.3d at 605. Thus, we agree with the administrative judge's determination that the appellant was a reemployed annuitant subject to section 3323(b)(1).

¶7    To the extent that the appellant argues that the CBA accords him a different status, i.e., as a reinstated employee with Board appeal rights, his argument is unavailing. The Board's jurisdiction is limited to those matters specifically entrusted to it by law, rule, or regulation. *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 7 (2007). Here, section 3323(b)(1) expressly provides that reemployed annuitants, like the appellant, do not have Board appeal rights. Further, it is well-settled that an agreement between an agency and its employees cannot serve to confer jurisdiction on the Board. *Godfrey v. Veterans Administration*, 40 M.S.P.R. 438, 441 (1989); *Pogarsky v. Department of the Treasury*, 7 M.S.P.R. 196, 198 (1981). Accordingly, the CBA does not extend Board jurisdiction to the appellant's removal appeal. Insofar as the CBA affords the appellant procedural entitlements to challenge his employment status, compliance with those entitlements can be enforced only through the negotiated grievance procedure. *See Pogarsky*, 7 M.S.P.R. at 198. We therefore agree with the administrative judge that the appellant, as a reemployed annuitant, has no right to appeal his termination to the Board.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.