NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUINCY R. HAYNES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1312

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-15-0871-I-1.

---

Decided: May 4, 2016

---

QUINCY R. HAYNES, Virginia Beach, VA, pro se.

STEPHEN FUNG, Office of General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Quincy Ray Haynes petitions for review of a decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for lack of jurisdiction. We *affirm*.

BACKGROUND

On March 9, 2015, Mr. Haynes began employment as a Distribution Process Worker for the Department of Defense. Mr. Haynes' position was a competitive service position and was subject to a one-year probationary period. On May 20, 2015, the Department of Defense terminated Mr. Haynes for alleged poor performance. On June 16, 2015, Mr. Haynes appealed his termination to the MSPB, alleging that the reasons given by the Department of Defense for his termination were false and that he was improperly terminated because of his race. On June 26, 2015, the administrative judge issued an order requiring Mr. Haynes to file evidence and argument establishing that his appeal was within the MSPB's jurisdiction. Mr. Haynes did not respond. On July 15, 2015, the administrative judge issued a second order, again requiring Mr. Haynes to file evidence and argument establishing that his appeal was within the MSPB's jurisdiction and warning that failure to comply would result in dismissal. Again, Mr. Haynes did not respond. On July 28, 2015, the administrative judge issued an initial decision dismissing Mr. Haynes' appeal for lack of jurisdiction.

Mr. Haynes petitioned for review of the initial decision with the Board on July 28, 2015. Mr. Haynes continued to allege that the reasons given for his termination were false and that he was terminated because of his race. On November 23, 2015, the Board issued a final decision affirming the dismissal of Mr. Haynes' appeal and modifying the initial decision to further explain why

Mr. Haynes had not established a nonfrivolous allegation of MSPB jurisdiction. *Haynes v. Dep't of Defense*, DC-315H-15-0871-I-1 (M.S.P.B. Final Order, Nov. 23, 2015). Mr. Haynes petitions for review by our court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Subject matter jurisdiction of the MSPB is a question of law, which we review de novo. *Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994). The subject matter jurisdiction of the MSPB is "limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)).

The petitioner bears the burden of establishing the MSPB's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006). If an employee makes a nonfrivolous allegation of MSPB jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1325, 1330 (Fed. Cir. 2006) (en banc). Nonfrivolous allegations require allegations of fact that, if proven, would establish the MSPB's jurisdiction. *See id.*

In general, Mr. Haynes must satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1) to have a statutory right to appeal his termination to the MSPB. *McCormick v. Dep't of Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). To qualify as an "employee," Mr. Haynes was required to show that he was "not serving a probationary or trial" period or had completed at least one year of "current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A); *see also McCormick*, 307 F.3d at 1341. The record here reflects that Mr. Haynes served only two

months of his one-year probationary period and has, at most, nine months of total federal service. Mr. Haynes does not dispute these facts. Accordingly, Mr. Haynes does not satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1). A probationary employee in the competitive service who does not meet the above statutory definition of "employee" may still appeal termination decisions to the MSPB, but only if the employee alleges discrimination because of his marital status or partisan political affiliation or alleges that the requisite termination procedures were not followed. 5 C.F.R. §§ 315.805, 315.806; *see also Blount v. Dep't of the Treasury*, 109 M.S.P.R. 174, 177 (2008). Although Mr. Haynes alleges that he was discriminated against because of his race, he does not allege that he was discriminated against because of his marital status or political affiliation, nor does he allege that any termination procedures were violated. Accordingly, Mr. Haynes has not shown that he has any right to appeal his termination to the MSPB.

As the Board properly explained, Mr. Haynes' arguments regarding the merits of his termination and his allegation of race discrimination do not satisfy the jurisdiction requirement. Nor is Mr. Haynes' prior employment, college education, or veteran status relevant to establishing jurisdiction. Because Mr. Haynes failed to make a nonfrivolous allegation of MSPB jurisdiction, the Board did not err in dismissing his appeal.

## AFFIRMED

### COSTS

No costs.