**Leroy EVANS, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3198.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 6, 2002.

Before CLEVENGER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Leroy Evans, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Evans v. Merit Sys. Prot. Bd.*, No. DA0752010645–I–1, 91 M.S.P.R. 128 (Feb. 28, 2002). We *affirm*.

I.

Mr. Evans voluntarily retired, based on the length of his service, from his job as a management analyst with the Department of the Navy on January 2, 1998. He thereupon became entitled to receive his retirement annuity. On April 1, 2001, the National Aeronautics & Space Administration ("agency") appointed Mr. Evans to the job of Program Analyst, subject to the completion of a one-year probationary period. The Standard Form 50 ("SF50") reflecting his appointment stated that he would serve "at the will of the appointing officer" as a "reemployed annuitant." The SF50 also stated Mr. Evans's total annual salary at $61,881, but that the total would be reduced to $46,773 to reflect the $15,108 that he received annually as his retirement annuity. Further, the SF50 stated that pursuant to 5 U.S.C. § 8344, Mr. Evans's salary was reduced to reflect his annual annuity.

On August 9, 2001, the agency notified Mr. Evans that it would terminate his employment effective August 13, 2001 for, *inter alia*, unacceptable performance. Mr. Evans then appealed his removal to the Board, arguing that his termination was *improper*.

The administrative judge assigned to Mr. Evans's case informed him that, as a reemployed annuitant, the Board would not have jurisdiction over his appeal, as a reemployed annuitant generally has no appeal rights. Mr. Evans was given an opportunity to show why he was not a reemployed annuitant. He responded with arguments that he was not a reemployed annuitant. The agency then

moved to dismiss for lack of jurisdiction, and Mr. Evans replied saying again that he was not a reemployed annuitant, claiming that he had been reinstated to competitive service and that his annuity had been cut off by force of law under 5 U.S.C. § 8344(d).

The administrative judge notified Mr. Evans that section 8344(d) only applied to Members of Congress, and noted that the documents supplied by Mr. Evans did not reflect any shut off of payment of his retirement annuity to him. Mr. Evans responded again saying that his was not a reemployed annuitant and that he was not receiving an annuity at the time of his separation from the agency.

In an initial decision, the administrative judge held that the evidence of record demonstrated that Mr. Evans was a reemployed annuitant under 5 U.S.C. § 8344(a). That law states that the salary of the reemployed person (here, Mr. Evans) will be reduced by amount of the annuity that would be paid in the period to the person, and that the reduced sum is to be deposited in the Federal Treasury to the credit of the retirement fund. The administrative judge also found, as a matter of fact, that Mr. Evans met the definition of a reemployed annuitant set forth in 5 C.F.R. § 210.102(b)(13) ("*Reemployed annuitant* means an employee whose annuity under subchapter III of chapter 83 of title 5, United States Code, was continued on reemployment in an appointive position on or after October 1, 1956.").

Reemployed annuitants serve at the will of the appointing officer, *see* 5 U.S.C. § 3323(b)(1) (2000), and reemployed annuitants have no right to appeal from removal actions. *See* 5 C.F.R. §§ 752.401(a), 752.401(d)(4) (2002); *id.* § 432.102(f)(11). In light of the stated law, the question before the administrative judge was whether Mr. Evans as a matter of fact was

a reemployed annuitant. The administrative judge concluded that, based on the written record, Mr. Evans was a reemployed annuitant. Accordingly, the administrative judge dismissed Mr. Evans's appeal for lack of jurisdiction.

Mr. Evans sought review from the full Board, which denied his petition. He then filed his petition for review in this court.

II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When a final decision of the Board rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In his petition to this court, Mr. Evans repeats the arguments he made to the Board to the effect that he was not, in his position with the agency, a reemployed annuitant. Therefore, he asserts that it was error for the Board to refuse to exercise jurisdiction to hear his appeal from his removal from the agency. Mr. Evans does not contest the statement of the law by the Board, repeated here in its brief by the Board. The only question is whether the Board was correct in deciding that the facts show that Mr. Evans was indeed a reemployed annuitant.

We have reviewed the record presented to us. That record clearly shows, on the SF50, that Mr. Evans was employed by the agency as a reemployed annuitant, serving at the will of the appointing officer. The facts also show that his salary was reduced to reflect the annuity he receives. Mr. Evans has pointed to no factual evidence that would prove that he did not receive his annuity while employed by the agency, to make up for the shortfall in his salary payments that were occasioned by

the reduction from his paycheck to reflect receipt of his retirement annuity. On this record, we cannot say that the Board has erred in any way in its final decision, and we therefore affirm that decision.

Before MAYER, Chief Judge,
BRYSON, and GAJARSA, Circuit Judges.