NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEAN TERRILL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3185

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0486-I-1.

---

Decided: April 10, 2015

---

JEAN TERRILL, Springfield, VA, pro se.

TREYER AUSTIN MASON-GALE, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* CLEVENGER and SCHALL, *Circuit Judges.*

PER CURIAM.

Ms. Jean Terrill appeals from the decision of the Merit Systems Protection Board ("Board") dismissing her appeal of her termination for lack of jurisdiction. Because Ms. Terrill was a reemployed annuitant and employed at will, the Board lacked jurisdiction over her appeal. We therefore affirm.

Ms. Terrill was separated on January 9, 2009, from her position at the Defense Finance & Accounting Service due to a reduction in force. The next day, she began receiving an annuity as a discontinued service retiree under the Civil Service Retirement System. Ms. Terrill had previously registered with the Department of Defense's Priority Placement Program and, on February 15, 2009, was appointed to a new position within the Army National Guard. Throughout her employment with Army National Guard, Ms. Terrill continued collecting her annuity. On March 16, 2013, pursuant to an agency memorandum directing that reemployed annuitants be terminated due to budget constraints, Ms. Terrill's position with the Army National Guard was terminated.

Ms. Terrill appealed her termination, arguing that the agency improperly classified her as a reemployed annuitant and violated her due process rights in terminating her. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. The administrative judge explained that because Ms. Terrill had not elected to stop collecting her annuity upon reemployment as permitted by 5 U.S.C. § 9902(g), she was a reemployed annuitant serving at will pursuant to 5 U.S.C. § 3323(b)(1) with no right to appeal her termination.

Ms. Terrill then petitioned the Board for review of the initial decision. The Board concluded that Ms. Terrill did not establish any basis for reversing the decision by the administrative judge and thus affirmed dismissal of Ms. Terrill's appeal for lack of jurisdiction.

On appeal to this court, Ms. Terrill argues that discontinued service annuitants who are reemployed via the Priority Placement Program should not be considered reemployed annuitants serving at will under § 3323(b)(1). She also contends that the Board's application of § 3323(b)(1) and § 9902(g) violated her due process rights, that the agency improperly altered her employment status, and that the agency should have informed her of the consequences of continuing to receive her annuity upon reemployment.

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. *Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994). Under § 3323(b)(1), a reemployed annuitant serves at the will of the appointing authority, and has no right to appeal from removal actions. *Id.* at 604-05; *see also Evans v. Merit Sys. Prot. Bd.*, 50 F. App'x 439, 440-41 (Fed. Cir. 2002); *Garza v. Dep't of the Navy*, 119 M.S.P.R. 91, 94 (2012). The jurisdictional issue in this case thus turns on whether Ms. Terrill is a reemployed annuitant serving at will within the meaning of § 3323(b)(1).

Section 3323(b)(1) provides that an individual receiving an annuity may become reemployed in an appointive position for which he or she is qualified but, when so reemployed, serves "at the will of the appointing authority." This court has held that whether or not a reemployed annuitant falls within § 3323(b)(1) turns on whether the individual continues to receive an annuity upon reemployment. *See Vesser*, 29 F.3d at 604 ("It is clear that in . . . § 3323(b)(1) . . . the actual receipt of the annuity is significant with regard to the status of a reemployed individual."). Pursuant to § 9902(g), a discontinued service annuitant under the Civil Service Retirement System who is reemployed with the Department of Defense, as Ms. Terrill was, continues to receive her annuity

unless she elects to cease annuity payments within ninety days of being informed of such option.

Ms. Terrill does not dispute that she did not exercise her option to cease annuity payments, and instead continued to receive her annuity throughout her reemployment with the Army National Guard. Because she continued receiving her annuity upon reemployment, Ms. Terrill was a reemployed annuitant serving at the will of the appointing authority under § 3323(b)(1), and has no right to appeal her removal. *See Vesser*, 29 F.3d at 604-05; *Garza*, 119 M.S.P.R. at 94 (finding no jurisdiction because the discontinued service annuitant continued receiving annuity upon reemployment, and thus was a reemployed annuitant serving at will under § 3323(b)(1)); *Spiegel v. Dep't of Defense*, 33 M.S.P.R. 165 (1987) (finding no jurisdiction because the reemployed annuitant continued receiving his annuity upon reemployment and was thus serving at will under § 3323(b)(1)); *Colbert v. Dep't of the Army*, 54 M.S.P.R. 492, 495 (1992) (finding that when a discontinued service annuitant's annuity is terminated upon reemployment, he is not a reemployed annuitant serving at will under § 3323(b)(1)).

In contesting her status as an at will employee under § 3323(b)(1), Ms. Terrill argues that discontinued service annuitants who are reemployed via the Priority Placement Program should be treated differently than other reemployed annuitants. Her rationale is that placement of a discontinued service annuitant via the Priority Placement Program is more akin to a *continuation* of previous employment than an *appointment* under § 3323(b)(1). But this assertion is unsupported by statute or regulation. Further, it misses the point, as an employee's status as a reemployed annuitant serving at will does not turn on the *process* by which reemployment occurs. Rather, by the plain words of the statute, Ms. Terrill falls within § 3323(b)(1) because she continued "receiving

annuity" upon her reemployment. § 3323(b)(1); *Vesser*, 29 F.3d at 604.

Ms. Terrill also argues that the agency improperly revised her employment status. She points out that her original Standard Form 50 ("SF-50") designated her as a permanent employee, and it was not until several years later that the agency revised her SF-50 to designate her as an at will employee. She also argues that, although she was notified of her choice to waive her annuity upon reemployment, and how that choice would affect her salary and compensation, she was not told that her choice could affect her employment status or appeal rights.

An SF-50 alone does not control an employee's status. *Grigsby v. U.S. Dep't of Commerce*, 729 F.2d 772, 775-77 (Fed. Cir. 1984). Rather, when there is evidence of error in such a document, it is appropriate to look to the totality of the circumstances to determine the employee's correct status and rights. *Id.*; *see also Scott v. Dep't of the Air Force*, 113 M.S.P.R. 434, 438 (2010). Here, despite the error on Ms. Terrill's SF-50, there is no dispute that she continued to receive her annuity upon reemployment; thus, she falls within the plain language of § 3323(b)(1). Further, when, as here, an individual is reappointed to new agency, she is responsible for determining the consequences of her change in position. *See Park v. Dep't of Health & Human Servs.*, 78 M.S.P.R. 527, 533-36 (1998).

We have considered Ms. Terrill's other arguments, including those relating to the impact of § 9902(g) on her due process rights, and find them unpersuasive. Because we find that the plain language of § 3323(b)(1) divests the Board of jurisdiction over Ms. Terrill's appeal, we affirm.

**AFFIRMED**

COSTS

Each party shall bear their own costs.