NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**M. CARMEN LUNA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3159

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-14-0378-I-1.

---

Decided: January 7, 2016

---

M. CARMEN LUNA, San Antonio, TX, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merits Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before Prost, *Chief Judge,* Dyk, and Reyna, *Circuit Judges.*

Per Curiam

M. Carmen Luna petitions for review of a decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing her appeal for lack of jurisdiction. Because Ms. Luna was a reemployed voluntary early retirement annuitant during her time at the Department of Veterans Affairs ("VA"), she does not have a right to appeal to the MSPB. We *affirm*.

## BACKGROUND

The basic facts of this case are simple. On June 30, 2003, Ms. Luna retired early from the Food and Drug Administration ("FDA"). Ms. Luna, a participant in the Civil Service Retirement System, began receiving an annuity from the Office of Personnel Management ("OPM"). Her retirement was apparently treated by the FDA as a voluntary "early out" retirement, and the Standard Form 50 ("SF-50") classified her as such. On February 2, 2006, Ms. Luna was hired by the VA, and she continued to receive an annuity from OPM while employed there. On February 23, 2010, the VA terminated Ms. Luna for cause. As discussed below, Ms. Luna would have had a right to appeal to the Board if her early retirement was an involuntary Discontinued Service Retirement ("DSR") but would not have had a right to appeal if her retirement was a voluntary early out retirement.

Ms. Luna initially appealed her termination by the VA to the MSPB on March 8, 2010. The MSPB dismissed for lack of jurisdiction on the ground that she was a reemployed voluntary early retirement annuitant, relying on her SF-50, which characterized her as a voluntary early out retiree. *Luna v. Dep't of Veterans Affairs*, DA-0752-10-0294-I-1, 2010 WL 10840184 (M.S.P.B. Final

Order, Nov. 10, 2010). Ms. Luna later requested and received a corrected SF-50 reclassifying her 2003 retirement as an involuntary DSR rather than a voluntary early out. In light of the corrected SF-50, Ms. Luna again appealed her 2010 termination to the MSPB on March 17, 2014. After initial dismissal of this second appeal by an administrative judge, Ms. Luna petitioned for review by the full Board. The Board again dismissed for lack of jurisdiction, finding that the corrected SF-50 did not affect Ms. Luna's status as a voluntary early out retiree since she had continued to receive an annuity while she was reemployed. *Luna v. Dep't of Veterans Affairs*, No. DA-0752-14-0378-I-1, 2015 WL 1927478 (M.S.P.B. Apr. 29, 2015). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Subject matter jurisdiction of the MSPB is a question of law, which we review de novo. *Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994); *Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1398 (Fed. Cir. 1994). The subject matter jurisdiction of the MSPB is "limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)).

Under 5 U.S.C. § 8336(d), federal employees participating in the Civil Service Retirement System can retire early via a DSR, pursuant to 5 C.F.R. § 831.503, or via an "early out" Voluntary Early Retirement Authority retirement, pursuant to 5 C.F.R. § 831.114. While DSR is involuntary and early out retirement is voluntary, both plans make the retiree eligible for an ongoing annuity, and the annuity computation formula is the same under both. *See, e.g.*, U.S. Office of Pers. Mgmt., *Guide to Voluntary Early Retirement Regulations* (2006). If a DSR

retiree returns to work for the federal government, her annuity ends and she collects a new salary in full; by contrast, a rehired early out retiree becomes a reemployed annuitant who continues to collect her annuity and separately collects a reduced salary, with the amount of the annuity offset from that salary. 5 U.S.C. § 8344; *see also Wolthuis v. Office of Pers. Mgmt.*, No. 94-3596, 1995 WL 19381, at \*6 (Fed. Cir. Jan. 19, 1995) (unpublished).

The distinction between full employee and reemployed annuitant status affects an individual's right to appeal an adverse personnel action. While most federal employees subjected to such actions have a right to appeal the agency decision to the MSPB, *see Kloeckner v. Solis*, 133 S. Ct. 596, 600 (2012), reemployed voluntary early out retirees do not enjoy an appeal right. Section 3323(b)(1) of title 5 specifies,

> Notwithstanding other statutes, an annuitant, as defined by section 8331 or 8401, receiving annuity from the Civil Service Retirement and Disability Fund [e.g., an early out retiree] is not barred by reason of his retired status from employment in an appointive position for which the annuitant is qualified. An annuitant so reemployed . . . serves at the will of the appointing authority.

Section 3323(b)(1) thus makes clear that any retired and later reemployed individual receiving an annuity from the Civil Service Retirement and Disability Fund serves at the will of the agency that has reemployed her.[1] *See Vesser*, 29 F.3d at 604. The consequence of being an at will employee is that the employee has no right of appeal

---

[1]    An exception exists for retired administrative law judges, who are covered by a special provision in 28 U.S.C. § 3323(b)(2).

to the Board.  5 C.F.R. §§ 752.401(d)(4), 432.102(f)(11); *see also Evans v. Merit Sys. Prot. Bd.*, 50 F. App'x 439, 440 (Fed. Cir. 2002).

Ms. Luna argues that the corrected SF-50 classifying her retirement as a DSR should be determinative of her right to appeal to the MSPB.  But we have held that characterization of an employee's retirement on her SF-50 is not dispositive in *Grigsby v. Dep't of Commerce*, 729 F.2d 772, 775 (Fed. Cir. 1984).  There we stated, "Grigsby interprets [prior] cases as holding that the characterization of a personnel action on the face of the SF-50 is determinative of the appointment.  We disagree with Grigsby's interpretation."  *Id.*  Rather, our court has held that "actual receipt of the annuity is significant with regard to the status of a reemployed individual."  *Vesser*, 29 F.3d at 605.  That is, an individual's receipt of an annuity while reemployed, rather than the formal classification of the retirement, makes her a reemployed annuitant for purposes of § 3323(b)(1).  *Id.*; *see also Terrill v. Merit Sys. Prot. Bd.*, 610 F. App'x 982, 983 (Fed. Cir. 2015) ("[W]hether or not a reemployed annuitant falls within § 3323(b)(1) turns on whether the individual continues to receive an annuity upon reemployment.").

There is no dispute that Ms. Luna qualified for and received an annuity at the time of her retirement from the FDA in 2003, and there is likewise no dispute that she continued to receive an annuity while employed by the VA between 2006 and 2010.  Because Ms. Luna met the requirements to receive an annuity on her separation from the FDA and continued to receive an annuity during her time at the VA, she was a reemployed voluntary retiree "annuitant" as defined in 5 U.S.C. § 8331(9).  As

such, she served at will and cannot appeal her termination to the MSPB.[2]

We have considered Ms. Luna's other arguments, including those relating to the Board's refusal to accept additional filings from Ms. Luna and other alleged due process violations. We find them to be without merit. For the foregoing reasons, we affirm the MSPB's dismissal of her suit for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.

---

[2]    The parties appear to dispute whether the salary paid by the VA was properly offset by the amount of Ms. Luna's annuity. In addition, at one point OPM sought to recover an alleged overpayment of annuity to Ms. Luna, but the MSPB found that OPM had not substantiated the overpayment. *Luna v. Office of Pers. Mgmt.*, No. DA-831M-14-0569-C-1, 2015 WL 3990796, at ¶¶ 2, 4 (M.S.P.B. Jun. 30, 2015). If Ms. Luna seeks to have her annuity reinstated (as it seems she has, *see id.* at ¶¶ 3, 8), any overpayment established by OPM would have to be deducted before the annuity could be reinstated.