NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RIGOBERTO RODRIGUEZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2682

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-16-0065-I-1.

---

Decided: April 6, 2017

---

RIGOBERTO RODRIGUEZ, Orlando, FL, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before MOORE, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Rigoberto Rodriguez seeks review of the decision of the Merit Systems Protection Board ("MSPB" or "Board"), which dismissed his appeal for lack of jurisdiction. Mr. Rodriguez was a reemployed annuitant during the events in question and, therefore, does not have a right to appeal to the MSPB. We affirm.

## BACKGROUND

Mr. Rodriguez retired from the U.S. Postal Service on January 1, 2009, under the agency's Voluntary Early Retirement Program. Pursuant to the program, Mr. Rodriguez began receiving monthly annuity payments at this time and continued to receive payments.

After his retirement from the U.S. Postal Service, Mr. Rodriguez joined the Department of Homeland Security ("DHS") as a term-appointed Accounting Technician. In December 2012, Mr. Rodriguez transferred from DHS to the Defense Contract Audit Agency ("DCAA"). The Notification of Personnel Action for his move to the DCAA included remarks stating that Mr. Rodriguez was a "reemployed annuitant" serving "at the will of the appointing officer." SAppx74.

In February 2013, the DCAA terminated Mr. Rodriguez's employment, effective March 2013, under reduction-in-force regulations, citing an effort to reduce operating costs. In its notice to Mr. Rodriguez, the DCAA stated: "As a reemployed annuitant, your appointment is at the discretion of the appointing officer and affords you no reply or appeal rights." SAppx56.

Mr. Rodriguez appealed his 2013 termination to the MSPB. An administrative judge scheduled a jurisdictional hearing, but before the hearing took place Mr. Rodriguez and the DCAA reached a settlement agreement restoring Mr. Rodriguez's scheduled work hours. The

settlement agreement referred to Mr. Rodriguez as a reemployed annuitant.

In October 2015, the DCAA again terminated Mr. Rodriguez's employment, citing poor performance. The termination letter stated that Mr. Rodriguez was a reemployed annuitant serving "at the will of the appointing authority" and that "[t]his action is not appealable to the Merit Systems Protection Board." SAppx72.

Mr. Rodriguez nevertheless filed an appeal with the MSPB shortly after termination. In his appeal, Mr. Rodriguez conceded he was a reemployed annuitant but noted that he was successfully sent "back to work" after his previous MSPB appeal. SAppx71.

The MSPB administrative judge issued an order to show cause why the appeal should not be dismissed for lack for jurisdiction, in light of Mr. Rodriguez's apparent reemployed annuitant status. Following responses from Mr. Rodriguez and the DCAA, the administrative judge dismissed the appeal for lack of jurisdiction. Mr. Rodriguez petitioned the MSPB to review the administrative judge's dismissal. The MSPB affirmed the administrative judge's initial decision.

The appeal to this court followed.

## DISCUSSION

The MSPB's jurisdiction is "not plenary; rather it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). Whether the MSPB has jurisdiction to adjudicate a case is a question of law, which we review *de novo*. *Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994).

An annuitant is defined as "a former employee or Member who, on the basis of his service, meets all re-

quirements of this subchapter for title to annuity and files claim therefor." 5 U.S.C. § 8331(9). By statute:

> an annuitant, as defined by section 8331 or 8401, receiving annuity . . . is not barred by reason of his retired status from employment in an appointive position for which the annuitant is qualified. *An annuitant so reemployed . . . serves at the will of the appointing authority.*

5 U.S.C. § 3323 (emphasis added). In other words, there is nothing precluding retired annuitants from then seeking further employment with the federal government, but should they continue to receive annuity payments, such "reemployed annuitants" serve at will. *See Vesser*, 29 F.3d at 604. As such, they generally have no right to appeal an adverse employment action to the MSPB. *See* 5 C.F.R. §§ 752.401(d)(4), 432.102(f)(11); *see also Luna v. M.S.P.B.*, 636 F. App'x 564, 566 (Fed. Cir. 2016) ("The consequence of being an at will employee is that the employee has no right of appeal to the Board.").

The facts already recited leave little doubt that Mr. Rodriguez was a reemployed annuitant when the DCAA terminated his employment in October 2015. Mr. Rodriguez does not contend otherwise; indeed, he acknowledged his reemployed annuitant status in his MSPB appeal. *See* SAppx71 ("In the letter they say that I am [a reemployed] annuitant. Yes I am . . . ."). Therefore, his employment with the DCAA was at will, and Mr. Rodriguez had no appeal rights to the MSPB. *See* 5 U.S.C. § 3323; *Luna*, 636 F. App'x at 566; *Evans v. Merit Sys. Prot. Bd.*, 50 F. App'x 439, 440 (Fed. Cir. 2002) (affirming the MSPB's dismissal for lack of jurisdiction where appellant was a reemployed annuitant).

Mr. Rodriguez's primary argument for why the MSPB possesses jurisdiction to hear his appeal is that, in his previous 2013 appeal, the administrative judge agreed to hold a jurisdictional hearing, notwithstanding the fact

that he was a reemployed annuitant at that time as well. Based on the record available, we cannot say the reason for the administrative judge's decision to hold a jurisdictional hearing. *See Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1402 (Fed. Cir. 1994) ("There is no statutory authority requiring the MSPB to hold a hearing on the threshold issue of jurisdiction. . . . [The MSPB should hold a jurisdictional hearing] when a petitioner raises nonfrivolous allegations of controverted jurisdictional facts on which the MSPB's jurisdiction is clearly established if these facts are proven."). Regardless of the rationale for the administrative judge's decision to hold a hearing, jurisdiction itself was never established because the hearing never took place. The DCAA and Mr. Rodriguez agreed to a settlement whereby Mr. Rodriguez returned to work. Given that the jurisdictional issue was never actually decided and that Mr. Rodriguez's prior appeal raised different legal issues involving reduction-in-force regulations, we agree with the MSPB that there is no basis on which to find jurisdiction in this case, merely from the administrative judge's willingness to hold a jurisdictional hearing in a previous case.

We have considered the remainder of Mr. Rodriguez's arguments and find them unpersuasive. Mr. Rodriguez's cited case law raises factually and legally distinct issues from those presented here. And his merits-based arguments—*i.e.*, why his termination was improper—do not address the threshold question before us, which is whether the MSPB was correct in dismissing Mr. Rodriguez's appeal for lack of jurisdiction. It was. We affirm.

**AFFIRMED**

Costs

No Costs.