UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

M. CARMEN LUNA,

           Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

          Agency.

DOCKET NUMBER
DA-1221-16-0223-W-2

DATE: April 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Rogers</u>, San Antonio, Texas, for the appellant.

<u>Thomas J. Herpin</u>, Esquire, Houston, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's analysis of collateral estoppel and her discussion of whether the appellant nonfrivolously alleged that she made a protected disclosure, we AFFIRM the initial decision.

## BACKGROUND

¶2      The unique and unusual background of this appeal is largely set forth in the Board's Final Order in *Luna v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-14-0378-I-1, Final Order (Apr. 29, 2015) (0378 Final Order). In 2003, the appellant retired from her position with the Department of Health and Human Services (HHS), Food and Drug Administration (FDA), and began receiving a Civil Service Retirement System (CSRS) annuity. *Id.*, ¶ 2. The Standard Form (SF) 50 documenting her separation classified it as an "early out" retirement. *Id.* The agency hired the appellant effective February 5, 2006, and she continued to receive her CSRS annuity during her reemployment. *Id.* Effective February 23, 2010, the agency terminated the appellant for misconduct. *Id.*

¶3　　　The appellant filed an appeal of her termination with the Board. *Id.*, ¶ 3. The administrative judge dismissed the appeal for lack of jurisdiction based on her finding that the appellant was a reemployed annuitant when she was terminated and, therefore, she had no right to appeal her termination to the Board. *Id.*, ¶ 5; *see* 5 U.S.C. § 3323(b)(1) (stating that reemployed annuitants serve as at-will employees and lack Board appeal rights over adverse actions). On review, the appellant argued that the Board had jurisdiction over her appeal because her 2003 separation had been pursuant to a discontinued service retirement (DSR). 0378 Final Order, ¶ 5; *Colbert v. Department of the Army*, 54 M.S.P.R. 492, 495 (1992) (holding that an individual's reemployment after a DSR under the CSRS is not as a reemployed annuitant). The Board denied the appellant's petition for review, noting that the SF-50 documenting her separation showed that she had retired under the early-out provisions of 5 U.S.C. § 8336(d)(2), not under a DSR. 0378 Final Order, ¶ 5.

¶4　　　Over 3 years later, HHS cancelled the SF-50 that identified the appellant's 2003 separation as a "Retirement-Special Option" and replaced it with another SF-50, which establishes that she separated from the FDA under a DSR. *Luna v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-16-0223-W-1, Initial Appeal File (IAF), Tab 6 at 33-34. The appellant then filed another Board appeal of her 2010 termination, contending that, because the new SF-50 shows that she retired under a DSR, she was an employee when the agency removed her and, therefore, she had the right to appeal her removal to the Board. 0378 Final Order, ¶¶ 6-7.

¶5　　　By Final Order dated April 29, 2015, the Board dismissed the appeal for lack of jurisdiction. *Id.*, ¶¶ 1, 20. The Board found that, because the appellant continued to receive a retirement annuity upon reemployment, she was a reemployed annuitant regardless of whether or not she retired under a DSR and, therefore, she had no right to appeal her termination to the Board. *Id.*, ¶ 20. The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision in an

unpublished opinion. *Luna v. Merit Systems Protection Board*, 636 F. App'x 564 (Fed. Cir. Jan. 7, 2016).

¶6 In the meantime, the appellant sent a letter to President Obama in June 2014, stating that the Office of Personnel Management (OPM) was unresponsive to her complaint about her retirement annuity and health benefits being cancelled.[3] IAF, Tab 6 at 14. The information provided by the appellant was forwarded to the agency's Chief Business Office (CBO) for further review. *Id.* at 13, 22.

¶7 In an October 22, 2014 letter, the CBO notified the appellant that she was entitled to relief under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), 5 U.S.C. § 8331 note, due to an error in her retirement plan coverage. *Id.* at 22. More specifically, the CBO informed the appellant that, because she retired under a DSR in 2003, the agency should have hired her as an employee rather than as a reemployed annuitant. *Id.* Consequently, the CBO explained that, upon the appellant being hired in 2006, her CSRS annuity receipts should have stopped, the retirement system should have become CSRS Offset (i.e., CSRS and Social Security contributions) rather than "straight CSRS," her salary with the agency should not have been offset, and she should have been subject to Social Security contributions because she had a break in service of over 365 days, which ended after December 31, 1983. *Id.* The CBO also informed the appellant that, although she was entitled to relief under FERCCA, she did not have a choice of whether her retirement system would remain CSRS or change to CSRS Offset because the law requires her to be "covered under Social Security." *Id.*

¶8 On the same day, the CBO directed the agency's Human Resources Office (HR) to correct the appellant's SF-50s to reflect that she should have been

---

[3] In essence, the appellant's claims about her retirement annuity and health benefits being cancelled have been addressed in her earlier Board appeals and we need not revisit those issues here.

covered under the CSRS Offset retirement system rather than CSRS and that she was subject to the Federal Insurance Contributions Act (FICA), 26 U.S.C. §§ 3101-3128, governing Social Security contributions and eligibility. *Id.* at 20-21. Specifically, the CBO directed HR to change the appellant's SF-50s to identify her retirement plan as "CSRS & FICA" rather than CSRS, and to state that this correction was made under FERCCA. *Id.* HR changed the appellant's SF-50s as directed by the CBO and issued the corrected SF-50s on November 5, 2014. *Luna v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-16-0223-W-2, Appeal File (W-2 AF), Tab 9 at 20-22.

¶9    On April 16, 2015, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had failed to correct her SF-50s "in entirety" in retaliation for her June 2014 disclosure to President Obama, and for disclosures she made to the agency's HR Director and HR Manager on October 22, 2014. *Id.* at 49-76. On January 28, 2016, OSC issued a letter notifying the appellant of its decision to terminate its inquiry into her allegations and providing her with her Board appeal rights. *Id.* at 78-79.

¶10    The appellant filed an IRA appeal with the Board and requested a hearing. IAF, Tab 1. The appeal was dismissed without prejudice and refiled. IAF, Tab 15, Initial Decision; W-2 AF, Tab 1. The appellant alleged that the agency retaliated against her for her disclosures by failing to: (1) correct the errors in her SF-50s cited by the CBO; and (2) change the SF-50 documenting her 2010 separation to identify that separation as a "removal" instead of a "termination." W-2 AF, Tab 9 at 12, Tab 11 at 12.

¶11    Without holding a hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. W-2 AF, Tab 14, Initial Decision (ID) at 2, 17. The administrative judge determined that the appellant exhausted her OSC remedy regarding her allegation that agency officials failed to correct the errors in her SF-50s cited by the CBO in retaliation for her disclosures to President Obama and agency HR personnel, but did not

exhaust her OSC remedy regarding her allegation that the agency retaliated against her by failing to convert her termination to a removal. ID at 9-10. The administrative judge also found that the appellant nonfrivolously alleged that she made a protected disclosure to President Obama, but failed to nonfrivolously allege that her October 22, 2014 disclosures to agency personnel were protected. ID at 11-13. In addition, the administrative judge found that the appellant failed to nonfrivolously allege that the agency took or failed to take a personnel action in retaliation for her alleged whistleblowing. ID at 14-16. Lastly, the administrative found that the issue of whether the appellant had the right to appeal her 2010 termination to the Board was barred under the doctrine of collateral estoppel.[4] ID at 16-17.

¶12    The appellant has filed a petition for review.[5] Petition for Review (PFR) File, Tab 7. The agency has not filed a response.

---

[4] Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *E.g.*, *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 22 (2012) (citing *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988)).

[5] The appellant includes numerous documents with her petition for review. PFR File, Tab 3 at 32-60. Some of these documents are already part of the record and thus are not new. *Compare* PFR File, Tab 3 at 32-36, 58, *with* IAF, Tab 6 at 35-37, 39-40, and W-2 AF, Tab 9 at 22; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already part of the record is not new). Also, the documents the appellant submits on review are either undated or significantly predate the close of the record, and she has made no showing that they were unavailable before the record closed despite her due diligence. Therefore, we have not considered any of the documents that the appellant submits on review. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

**ANALYSIS**

¶13     An appellant bears the burden of proving the Board's jurisdiction over her appeal by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(A).  To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  5 U.S.C. §§ 1214(a)(3), 1221; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The administrative judge correctly found that the appellant exhausted her OSC remedy regarding her claim that the agency retaliated against her by failing to correct the errors in her SF-50s pertaining to her retirement coverage.

¶14     As for the exhaustion requirement, under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal.[6]  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).  The Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC.  *Id.*  An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to, OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations.  *Id.*

---

[6]The appellant appears to contend on review that she is not required to prove exhaustion because she is raising a reprisal claim as an affirmative defense to her removal.  PFR File, Tab 3 at 14-15.  This is an IRA appeal, however, and the exhaustion requirement applies here.

¶15    Based on our review of the record, we find that the administrative judge correctly found that the appellant exhausted her remedies before OSC regarding her allegation that agency officials retaliated against her by failing to correct the "retirement errors" the agency made on her SF-50. ID at 9. As noted above, OSC's letter notifying the appellant of her Board appeal rights shows that she raised this allegation before OSC. IAF, Tab 6 at 78; *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 9 (2003) (considering OSC's termination letters in determining whether the appellant satisfied the exhaustion requirement), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004).

The administrative judge correctly found that the appellant failed to exhaust her OSC remedy regarding her allegation that the agency retaliated against her by failing to convert her 2010 termination to a removal.

¶16    We also agree with the administrative judge that the appellant failed to exhaust her administrative remedies before OSC regarding her claim that the agency retaliated against her by failing to change her SF-50 to reflect that her 2010 separation was a removal rather than a termination. ID at 10-11. As the administrative judge noted, the appellant, in her OSC complaint, identifies the retaliatory personnel action as the agency's failure to make SF-50 corrections as required by FERCCA. ID at 10; IAF, Tab 6 at 67. While the appellant argues on review that she raised the claim that the agency failed to convert her termination to a removal during a "verbal discussion" with OSC, PFR File, Tab 3 at 16, she offers no evidence to support this assertion. Because the record contains no evidence showing that the appellant advised OSC of this action, ID at 10-11, we agree with the administrative judge that the appellant failed to exhaust her administrative remedies as to any alleged personnel action other than the FERCCA corrections, ID at 10.

*The administrative judge correctly found that the appellant failed to nonfrivolously allege that the agency took or failed to take a personnel action in retaliation for her alleged whistleblowing.*

¶17　　In any event, even assuming that the appellant exhausted her OSC remedy regarding both alleged retaliatory actions, we find that the appellant has failed to meet her jurisdictional burden.　As previously noted, to establish the Board's jurisdiction over an IRA appeal, an appellant must nonfrivolously allege that she made a protected disclosure or engaged in　protected activity that was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).　Under 5 U.S.C. § 2302(a)(2)(A), a "personnel action" means:　(i) an appointment; (ii) a promotion; (iii) an action under chapter 75 of Title 5 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under chapter 43 of Title 5 or under Title 38; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. §　2302(a)(2)(A); (x) a decision to order psychiatric testing or examination; (xi) the implementation or enforcement of any nondisclosure policy, form, or agreement; and (xii) any other significant change in duties, responsibilities, or working conditions with respect to an employee in, or applicant for, a covered position in an agency.

¶18　　The administrative judge found that neither of the alleged personnel actions in this case appeared to be a "personnel action" under 5 U.S.C. § 2302(a)(2)A), inasmuch as the appellant's employment ended in 2010 and the alleged retaliatory actions were thus not taken while she was an employee or applicant for employment.　ID at 14.　*See Nasuti v. Merit Systems Protection Board*,

376 F. App'x 29, 34 (Fed. Cir. 2010) (nonprecedential)[7] (finding that the Board did not have jurisdiction over an IRA appeal concerning an agency action taken after the former employee's termination).

¶19     In addition, regarding the first purported personnel action—the agency's alleged failure to make corrections to her SF-50 pertaining to her retirement coverage—the administrative judge noted that it is undisputed that the agency corrected the appellant's SF-50s to reflect the appropriate retirement category; ID at 14 (citing W-2 AF, Tabs 11, 13).  The administrative judge also determined that no further corrections were required under FERCCA.  ID at 15.  Therefore, the administrative judge found, as to this purported personnel action, the appellant failed to nonfrivolously allege that the agency took or failed to take a personnel action in retaliation for her alleged whistleblowing.  *Id.*  The appellant does not challenge this finding on review, and we discern no reason to disturb it.

¶20     As for the second alleged retaliatory action—the agency's failure to change her SF-50 to indicate that her 2010 separation from service was a removal rather than a termination—the administrative judge found that there is no indication that the agency was required to change her SF-50 to identify her 2010 separation as a removal rather than as a termination.  ID at 15-16.  The administrative judge therefore found that, regarding this purported personnel action, the appellant failed to nonfrivolously allege that the agency took or failed to take any action that could constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A).  ID at 16.

¶21     The appellant challenges this finding on review, arguing that the agency failed to take a personnel action in retaliation for her whistleblowing when it did not change her SF-50 to reflect that she was removed rather than terminated in 2010.  PFR File, Tab 3 at 26.  The appellant further asserts that if the agency had

---

[7] The Board may choose to follow nonprecedential decisions issued by the Federal Circuit if, as here, it finds the reasoning persuasive.  *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

made this change, she would have had the right to appeal her removal to the Board. *Id.* at 17.

¶22 These arguments are unpersuasive. As the Federal Circuit has stated, an SF-50 is not a personnel action in itself, but at most is merely an after-the-fact record of a personnel action already taken. *Nasuti,* 376 F. App'x at 33; *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010) (stating that, although the issuance of an executed SF-50 is the customary documentation for a Federal personnel action, it does not constitute the personnel action itself). Moreover, an SF-50 is not a legally operative document controlling on its face an employee's status and rights. *Scott*, 113 M.S.P.R. 434, ¶ 8 (citing *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984)). Thus, contrary to the appellant's assertion, the agency's failure to change her SF-50 to reflect that she was removed in 2010 rather than terminated did not affect the appellant's Board appeal rights. As the Board and our reviewing court found in her prior appeal of her termination, the appellant is not entitled to appeal her 2010 separation to the Board because she received a CSRS annuity during her employment with the agency. Consequently, she is not entitled to appeal her removal regardless of whether her SF-50 identifies her 2010 separation as a termination or a removal.

¶23 Because the appellant failed to raise a nonfrivolous allegation that the agency took or failed to take a personnel action against her, the Board lacks jurisdiction over this appeal.[8] *See Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 387-89 (1997) (stating that, absent a "personnel action," the Board lacks jurisdiction over the appellant's IRA appeal). Thus, we need not consider whether the appellant nonfrivolously alleged that she made a protected disclosure. *Id.* (dismissing an IRA appeal on the ground that an appellant failed to raise a nonfrivolous allegation of a personnel action, without addressing whether he had a reasonable belief that the agency violated the law).

---

[8] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

Accordingly, we vacate the administrative judge's analysis of whether the appellant nonfrivolously alleged that she made a protected disclosure. Similarly, given our finding that the Board lacks jurisdiction over this appeal, we need not reach the issue of whether the administrative judge properly applied collateral estoppel, and we vacate her analysis of this issue in the initial decision.[9]

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[9] On June 11, 2020, almost 3 years after the close of the record on review, the appellant filed a motion for leave to submit additional information pertaining to her employment history. PFR File, Tab 8. In support of her motion, the appellant asserts that she received this information from OPM on June 6, 2020, that it was unavailable before then, and that the information OPM previously submitted to the Board regarding her employment history is inaccurate. *Id.* at 4. Even if we credit the appellant's assertion that the proposed evidence was unavailable despite her due diligence when the record closed, there is no indication that it has any bearing on the dispositive jurisdictional issue in the appeal. We therefore find that the appellant has not shown that the proposed evidence is material to the outcome of her appeal, and we deny her motion. *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).).

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.