## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH ERNEST HARDING,<br> Appellant, | DOCKET NUMBER<br>AT-0714-20-0161-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br> AFFAIRS,<br> Agency. | DATE: November 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph Ernest Harding</u>, Birmingham, Alabama, pro se.

<u>Kimberly Kaye Ward</u>, Esquire, and <u>Glynneisha Bellamy</u>, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a Federal employee until he retired under the Federal Employees' Retirement System (FERS) in March 2017. Initial Appeal File (IAF), Tab 6 at 6. Following his retirement, he received a competitive service appointment with the agency as a reemployed annuitant. *Id.* at 7. His salary in that position was offset for his FERS annuity payments. IAF, Tab 13. Effective November 22, 2019, the agency removed the appellant from his position and advised him that he could seek review of the action by appealing to the Board. IAF, Tab 3 at 1-4. The appellant did so. IAF, Tab 1 at 3.

¶3 The administrative judge held a status conference, during which the appellant stated that he was a reemployed annuitant. IAF, Tab 8 at 1. Based on the appellant's representation, the administrative judge advised the parties that this raised a jurisdictional issue. *Id.* The administrative judge issued an order to show cause notifying the appellant that the Board may not have jurisdiction to adjudicate his appeal if he was a reemployed annuitant receiving an annuity at the time of his removal. IAF, Tab 10. The appellant filed a response to the show cause order. IAF, Tab 12. The agency filed a motion to dismiss for lack of

jurisdiction. IAF, Tab 6. The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing based on his finding that the appellant was a reemployed annuitant when he was removed and, therefore, had no right to appeal that action to the Board. IAF, Tab 1 at 2, Tab 15, Initial Decision (ID).

¶4 The appellant filed a petition for review, and the agency filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In an adverse action appeal, an appellant is entitled to a hearing on jurisdiction if he makes a nonfrivolous claim of Board jurisdiction, at which he must prove jurisdiction by preponderant evidence. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 16 (2011); 5 C.F.R. § 1201.56(b)(2)(i)(A). Nonfrivolous allegations are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 n.2 (2013); 5 C.F.R. § 1201.4(s).

The appellant failed to nonfrivolously allege that he was an employee with Board appeal rights.

¶6 It is undisputed that the appellant received annuity payments while he was employed with the agency. IAF, Tab 13. Thus, the administrative judge correctly determined that the appellant was a reemployed annuitant and served at the will of the appointing authority. ID at 3-4; *see* 5 U.S.C. § 3323(b)(1); *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012). As such, we agree with the administrative judge that the appellant had no right to appeal his separation to the Board. *Garza*, 119 M.S.P.R. 91, ¶ 9.

¶7     On review, the appellant does not dispute that he was receiving an annuity while employed by the agency. PFR File, Tab 1. He argues that, under 5 C.F.R. § 553.201(f), the agency was required to ask the Office of Personnel Management (OPM) to waive the annuity offset of his pay. *Id.* at 5-6. He also states that he did not decide to waive or decline annuitant pay. *Id.* The appellant also reasserts that he was not a probationary employee at the time he was removed. *Id.* He provides documentation showing that he had prior service in the same agency and references documents that the agency submitted with its agency file, specifically personnel actions taken against him in his prior position, as evidence of the agency's intent to obscure the fact that he completed his probation period. *Id.* at 5, 7-8. As explained below, none of these arguments provide a basis to disturb the initial decision.

¶8     The appellant's argument regarding any obligation on the part of the agency to request that OPM waive the offset is unavailing. Absent a waiver, an Executive agency is required to reduce the pay of a reemployed annuitant by the amount of his annuity. 5 U.S.C. § 8468(a), (f). To the extent that the appellant argues that it was the agency's responsibility to waive or decline annuity payments on his behalf, he has not identified a law, rule, or regulation that imposes such an obligation on an employing agency. He appears to conflate 5 C.F.R. § 553.201 and 5 C.F.R. § 841.803. Under section 553.201, on a case-by-case basis, and in limited circumstances, an agency may request that OPM approve reemployment of a retired employee without reducing his pay for his annuity. The agency, and not the retired employee, must make the request to waive reduction. 5 C.F.R. § 553.201. On the other hand, under section 841.803(a), "[a]n annuitant may decline to accept all or any part of the amount of his . . . annuity by a waiver signed and filed with OPM." 5 C.F.R. § 841.803(a). The retired employee, and not the agency, may make the request to waive payment of the annuity under this provision. *See id.* Unless a reemployed annuitant does so, he is considered an at-will employee with no right to appeal to

the Board. *Terrill v. Merit Systems Protection Board*, 610 F. App'x 982, 984 (Fed. Cir. 2015) (*citing Vesserv. Office of Personnel Management*, 29 F.3d at 604, 605-06 (Fed. Cir. 1994) (recognizing that an individual can waive his annuity under the Civil Service Retirement System)); *see also* 5 U.S.C. § 8465(a) (reflecting that a FERS annuitant can waive all or part of his annuity).[2]

¶9        Additionally, although the appellant asserts that the agency sought to conceal his status as a tenured Federal employee, the evidence does not support his claim.    The agency issued a notice of proposed removal and removal decision reflecting that it believed he had the right to appeal to the Board under 38 U.S.C. § 714.  IAF, Tab 14 at 15-18, 26-28.  Further, as to the two documents the appellant submits on review reflecting that he completed his probationary period, the agency provided one of these same documents below. PFR File, Tab 1 at 7; IAF, Tab 14 at 129.  It states that the appellant's "initial probationary period [was] completed."  IAF, Tab 14 at 129.  Thus, we discern no deception by the agency.

¶10        In any event, the appellant's argument and documents showing that he was not a probationary employee do not change the outcome in this case. Tenured employees of the Department of Veterans Affairs, like the appellant, generally may appeal their removals to the Board under Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862 (2017) (VA Accountability Act), codified at 38 U.S.C. § 714.  However, as discussed above, this right does not extend to reemployed annuitants.  5 U.S.C. § 3323(b)(1).    Thus, the appellant's probationary status at the time of his employment with the agency is not relevant, as he was an at-will employee.  Although this case arises under the VA Accountability Act, and not chapter 75, the administrative judge found section 3323(b)(1) nonetheless applied to the appellant's separation.  ID at 3-4.

---

[2] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Special Counsel v. Coffman*, 124 M.S.P.R. 130, ¶ 56 n.10 (2017).

We agree. The stated intention of the VA Accountability Act was "to improve accountability of employees of the [agency]." Pub. L. No. 115-41, 131 Stat. 862 (2017). This is inconsistent with interpreting the act to provide greater rights to the appellant than to employees of other Federal agencies, who may be entitled to adjudicate an adverse action under chapter 75. *See Garza*, 119 M.S.P.R. 91, ¶ 9 (applying section 3323(b)(1) to the separation of an appointee at an agency other than DVA prior to the enactment of the VA Accountability Act).

¶11        Accordingly, we affirm the initial decision that dismissed the petition for review for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.